IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, # R-31861, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-511-JPG |
| | ) |
| DOWDY, LT. HUGHES, | ) |
| SGT. LUEHR, C/O HART, | ) |
| HOWARD HARNER, | ) |
| and JANE and JOHN DOE KITCHEN | ) |
| SUPERVISORS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a 40-year sentence for murder. He has filed a Motion for Preliminary Injunction "Immediately" (Doc. 1). Among other requests for relief, Plaintiff seeks to be moved to a single cell within Menard because his cellmate has attempted to sexually assault him.

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, Plaintiff has not filed a complaint – the only pleading he has filed is the three-page Motion for Preliminary Injunction at Doc. 1. In addition, Plaintiff submitted another 61 pages of exhibits (Docs. 2, 3, and 4), which appear to consist of various documents previously filed in one of his other currently-pending actions in this Court.[1]

---

[1] Plaintiff has five other pending civil rights lawsuits in this district: *Jackson v. Hoffman, et al.*, Case No. 12-cv-233-MJR-SCW (filed March 14, 2012); *Jackson v. Welborn, et al.*, Case No. 12-cv-961-JPG-PMF (severed from Case No. 12-cv-233 on Aug. 27, 2012); *Jackson v. Phoenix, et al.*, Case No. 13-cv-714-MJR-SCW (filed July 19, 2013); *Jackson v. Harner, et al.*, Case No. 13-cv-825-MJR-SCW (severed

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.  In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption.  Although Plaintiff's Motion for Preliminary Injunction generally describes several potential claims, it cannot suffice as a complaint.  Indeed, Plaintiff is clearly aware of the need to file a complaint.  He specifically states that he "is preparing to file a lawsuit" against the named Defendants in three weeks, but has not attached his complaint because he has not yet exhausted his administrative remedies through the prison grievance procedure, and wants to avoid dismissal (Doc. 1, pp.1-2).

The potential claims outlined by Plaintiff include:  Defendants Dowdy and Luehr brought a false disciplinary report against Plaintiff; Defendants Hughes and Hart violated his due process rights; Defendant Harner and the Jane/John Doe Kitchen Supervisors retaliated against Plaintiff; and the Defendants in the Hoffman case (No. 12-cv-233) have retaliated against him.  Of greatest concern are the allegations that Plaintiff's cellmate attempted to rape him, and Plaintiff suffered what he believes to be a broken fist, apparently while fighting off the cellmate (Doc. 1, p. 1). Plaintiff requested Internal Affairs Officer Brad Thomas (who is not named as a Defendant) to investigate, but no inquiry had yet been conducted.  For his safety, Plaintiff asked to be moved to a single cell away from the current cellmate (he does not say to whom he directed this request), but no action had yet been taken.  The motion does not suggest that Plaintiff asked any of the named Defendants to protect him, or that any of them are responsible for cell assignments.  He also indicates that he has not been given medical treatment for the broken fist, but again does not identify any responsible person whom he asked to help him get medical care.

---

from Case No. 13-714 on Aug. 12, 2013); and *Jackson v. Allsup, et al.*, Case No. 13-cv-920-MJR-DGW (filed Sept. 6, 2013).

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine what causes of action Plaintiff intends to assert against which Defendant. More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint which identifies the persons responsible for failing to protect Plaintiff from the immediate danger he claims to be in.

Plaintiff notes that he "is <u>NOT</u> going to p.c. [protective custody]" (Doc. 1, p. 3). Given his failure (so far) to provide the Court with a complaint that might establish jurisdiction over this matter, as well as the requirement to exhaust available administrative remedies,[2] Plaintiff would be well advised to take advantage of any opportunity to be separated from the dangerous cellmate – for example, a request to be placed in protective custody and/or an emergency grievance directed to the warden.

The Court will allow Plaintiff an opportunity to cure the defects in his pleading by filing a complaint within 35 days of the entry of this order. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). He must clearly identify which claim(s) he is bringing against which Defendant(s). In particular, the allegations should demonstrate which Defendant(s) are personally responsible for any claimed violation of his constitutional rights. Plaintiff is encouraged to use the Court's form

---

[2] The requirement for a prisoner to exhaust prison administrative remedies before bringing suit, 42 U.S.C. § 1997e(a), is not merely a technical hurdle. The administrative grievance procedure provides a means to potentially obtain relief directly from those responsible for prisoners' safety, without the need to resort to costly litigation. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006).

complaint as he prepares his pleading.

Further, it appears that (as he has done in two of his previous cases) Plaintiff seeks to bring several unrelated claims against different Defendants.  Such unrelated matters are subject to severance into one or more separate actions.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).  If Plaintiff wishes to avoid severance, he should limit his complaint to claims that are factually and legally related to one another.

Without expressing any opinion on the ultimate merits of Plaintiff's claims for relief, the Court concludes that a preliminary injunction should not be issued in this matter at this time.

**IT IS THEREFORE ORDERED** that the Motion for Preliminary Injunction (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within 35 days of the date of this order (on or before **June 13, 2014**), Plaintiff shall file a complaint, thereby properly initiating an action.  If Plaintiff still seeks injunctive relief, he must file a new motion.  Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction.  Such a dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Furthermore, as directed by the Clerk of Court (Doc. 5), by June 4, 2014, Plaintiff must either pre-pay the $400.00 filing fee for this action or submit a motion for leave to proceed *in forma pauperis* ("IFP"), which has been mailed to him.[3]  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28

---

[3] If Plaintiff applies for and is granted IFP status, the filing fee shall be $350.00.  See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

*s/ J. Phil Gilbert*
United States District Judge
